UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                      Case Number 05-20008-BC
                                                Honorable David M. Lawson

v.

WILLIAM EDWIN POPHAM, and
MICHAEL TIMOTHY CRANE,

                Defendants.
_____/

## ORDER DENYING GOVERNMENT'S MOTION FOR REHEARING

On April 29, 2005, defendants William Popham and Michael Crane, charged in a nine-count indictment with manufacturing marijuana and unlawfully possessing various firearms, filed a motion to suppress evidence and for the return of property wrongfully seized. The Court held an evidentiary hearing on August 8, 2005, and on August 15, 2005 the Court filed an opinion and order denying the motion to suppress but ordering the government to return certain property to the defendants, including "assorted computer equipment," because the warrant was overbroad, and the government had not shown a "continuing interest" in the property.

Approximately two months later, on October 19, 2005 the government filed a motion for reconsideration of the August 15, 2005 order. On October 27, 2005, the Court ordered the defendants to respond to the motion, which they did on November 14, 2005.

According to E.D. Mich. LR 7.1(g)(1), made applicable to criminal cases through LCrR 12.1(a), a party may file a motion for reconsideration "within 10 days after entry of the judgment or order." Motions for reconsideration will be granted only if the movant identifies a "palpable defect by which the court and the parties have been misled." E.D. Mich. LR 7.1(g)(3). A "palpable

defect" is a one that is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.,* 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). Such motions will not be granted if they "merely present the same issues ruled upon by the court."

The government does not contend the Court's finding that the search warrant was overbroad was erroneous, nor does it challenge the finding that certain property was improperly seized. Instead, it now states that certain computer equipment seized from the defendants was used by them to create counterfeit money and checks. For the first time, the government asserts that the computer was given to United States Treasury agents for analysis, and scanned copies of counterfeit bills and checks were found on the hard drive. Because the equipment is evidence of a crime, the government contends, it was properly seized and should not be returned to the defendants.

The government's motion for reconsideration was filed well beyond the ten-day time limit and therefore is out of time. The Court will deny the motion on that basis. Moreover, the government has not demonstrated a palpable defect. Although the government may be able to show that it has a continuing interest in the property, it should have done so at the time this issue was originally litigated or within a reasonable time thereafter. The government has offered no explanation for the considerable delay in bringing these new matters to the Court's attention.

Further, the government does not dispute that the property was illegally seized. Property seized illegally should be returned, unless the property is contraband. *United States v. Jeffers*, 342 U.S. 48 (1951); *United States v. James*, 378 F.2d 88 (6th Cir. 1967). However, the computer equipment in question is not contraband. The counterfeited bills and checks would be contraband, but the Court never ordered the government to return that property.

Finally, the government's failure to bring this new information on a timely basis is not a "palpable defect by which the court and the parties have been misled."  LR 7.1(g)(3).

Accordingly, it is **ORDERED** that the government's motion for reconsideration [dkt # 42] is **DENIED**.


s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: November 28, 2005

<div style="border:1px solid">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 28, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS

</div>